IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| BRENT LEE RHODES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. CIV-25-1464-SLP |
| v. ) | |
| ) | |
| ADT, LLC, et al., ) | |
| ) | |
| Defendants. ) | |

**O R D E R**

Plaintiff, Brent Lee Rhodes, appearing pro se, filed a Complaint [Doc. No. 1] on December 8, 2025. The Complaint names two Defendants, ADT, LLC and Reliance Matrix. The Complaint purportedly asserts seven different categories of claims: (1) intentional misrepresentation; (2) negligent misrepresentation; (3) violations of the Americans with Disabilities Act (ADA); (4) violations of the Oklahoma Anti-Discrimination Act (OADA); (5) wrongful discharge; (6) intentional infliction of emotional distress, and; (7) fraud. Despite only bringing claims against **2** Defendants, Plaintiff's Complaint is over **369**-pages in length, comprises of (without including sub paragraphs) more than **1,276** paragraphs, and brings **107** separate counts. Plaintiff also attached over 490 pages of exhibits to the Complaint.

Rule 8 of the Federal Rules of Civil Procedure requires that a complaint contain "a **short** and **plain** statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). "This requirement is designed to force plaintiffs 'to state their claims intelligibly so as to inform the defendants of the legal

claims being asserted.'" *Baker v. City of Loveland*, 686 F. App'x 619, 620 (10th Cir. 2017) (quoting *Mann v. Boatright*, 477 F.3d 1140, 1148 (10th Cir. 2007)). A complaint runs afoul of Rule 8 "through unnecessary length and a burying of material allegations in 'a morass of irrelevancies.'" *Id.*, quoting *Mann*, 477 F.3d at 1148 (additional citations omitted). As the Tenth Circuit has explained, a pleading must be "short" because "unnecessary prolixity in a pleading places an unjustified burden on the court and the party who must respond to it." *Carbajal v. City & Cnty. of Denver*, 502 F. App'x 715, 716 (10th Cir. 2012) (internal quotation marks and citations omitted).

As a pro se litigant, Mr. Rhodes is entitled to a liberal construction of his Complaint. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, a pro se litigant must "follow the same rules of procedure that govern other litigants." *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).

Plaintiff's Complaint (with attachments) is **859** pages long. Similar to the Complaint in *Mann*, the "sheer length" of the pleading makes Plaintiff's claims "unintelligible." *Mann*, 477 F.3d at 1148. The Court notes there are other deficiencies as well. The pleading sets forth numerous counts which are duplicative and overlap with one another. For example, from what the Court could discern, Plaintiff has brought forth approximately **37** separate counts of intentional misrepresentation, **37** separate counts of negligent misrepresentation, **12** counts of intentional infliction of emotional distress, and **9** counts of violations of the Americans with Disabilities Act. Outside of the enumerated counts, Plaintiff provides over **31** pages of highly detailed factual allegations that are not tied to specific claims for relief. Numerous allegations

in the Complaint are of questionable relevance to any of the claims asserted. Furthermore, much of the pleading is presented in a narrative fashion, with lengthy, but ultimately conclusory, allegations. The Court fails to discern how the length and detail of the allegations are necessary to satisfy Rule 8 of the Federal Rules of Civil Procedure.

Under these circumstances "not even the most attentive of readers could figure out who did what to whom." *Id.* Accordingly, the Court finds that dismissal of the Complaint is proper. *See Nasious v. Two Unknown B.I.C.E. Agents at Arapahoe County Justice Center*, 492 F.3d 1158, 1161 n.2, 1162 (10th Cir. 2007) (sua sponte dismissal for failure to comply with Court's orders permitted under federal rules, and the Court need not follow any particular procedures in dismissing actions without prejudice for failure to comply). Plaintiff shall be permitted to file an Amended Complaint in compliance with Rule 8 of the Federal Rules of Civil Procedure.[1]

For the reasons set forth, the Court ORDERS as follows:

1. The Court sua sponte DISMISSES, without prejudice, Plaintiff's Complaint [Doc. No. 1].

2. The Court directs Plaintiff to file an amended complaint within 21 days from the date of this Order, or December 30, 2025. If Plaintiff does not file an amended complaint within the time frame, the Court will enter a judgment of dismissal.

---

[1] Leave of court is not necessary at this time. *See* Fed. R. Civ. P. 15(a)(1)(A).

IT IS SO ORDERED this 9th day of December, 2025.

SCOTT L. PALK
UNITED STATES DISTRICT JUDGE