IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| BRENT LEE RHODES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-25-1464-SLP |
| | ) |
| ADT, LLC, et al., | ) |
| | ) |
| Defendants. | ) |

**O R D E R**

Before the Court is Plaintiff's Motion for Permission to File Electronically Via CM/ECF [Doc. No. 28].[1] Plaintiff appears pro se in this matter and requests permission to file documents electronically and receive service of filings via the Court's electronic case filing (ECF) system. In support, Plaintiff states that: (1) " [he] maintains an active PACER account and has previously used PACER in other federal matters"; (2) "[e]lectronic filing w[ould] promote efficiency, ensure timely receipt of filings, and reduce delay[s] associated with mail service"; and (3) "Plaintiff is capable of complying with the Court's CM/ECF procedures and applicable Local Rules." Mot. [Doc. No. 28] at 1-2. He further states that "[he has] not been getting any emails from the [C]ourt when anything is being filed." *Id*. at 2.

Pursuant to Rule 5(d)(3)(B)(i) of the Federal Rules of Civil Procedure, a pro se litigant "may file electronically only if allowed by court order or by local rule." Fed. R.

---

[1] Plaintiff has filed two previous motions requesting the same relief. *See* Mots. [Doc. Nos. 6 and 10]. The Court STRIKES Plaintiff's previous motions requesting electronic access [Doc. Nos. 6 and 10] as duplicative.

Civ. P. 5(d)(3)(B)(i). Under this Court's local rules, pro se litigants must file paper documents. *See* ECF Policies & Procedures Manual, § I(A)(1) and § II(I). The local rules, however, provide that "the assigned judge may modify these procedures in specific cases without prior notice, if deemed appropriate." *Id.*, § I(A)(3).

Although Plaintiff states that he is not receiving email notifications, he has not demonstrated it has created any procedural disadvantages. Upon review, the record to date does not demonstrate any procedural disadvantages relating to conventional filings. Plaintiff's filings indicate that he resides in Oklahoma City. *See, e.g.,* Mot. [Doc. No. 28] at 2. Defendants are also represented by counsel who maintain a law office in Oklahoma City. *See*, *e.g.*, Entries of Appearance [Doc. Nos. 22 and 23]. The Court finds it significant that both Plaintiff and counsel for Defendants are located in the same city where the Court is located.

In addition, other means of electronic access to case records exist. As Plaintiff acknowledges, he has an account with the Public Access to Court Electronic Records (PACER) system, https://pacer.uscourts.gov. Moreover, as an unrepresented party, Plaintiff may agree with other parties to accept service electronically and serve and be served with documents via email. *See* Fed. R. Civ. P. 5(b)(2)(E). Under these circumstances, the Court finds no reason to exempt Plaintiff from the usual restrictions that prohibit electronic filings by pro se litigants. At this time, therefore, the Court DENIES Plaintiff's request. As this litigation continues, should Plaintiff face particularized and compelling circumstances that warrant relief, Plaintiff may resubmit his request.

IT IS SO ORDERED this 26th day of February, 2026.

*[signature]*

SCOTT L. PALK
UNITED STATES DISTRICT JUDGE